# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **M.S.**

**No. 22-554** (Kanawha County 21-JA-319)

## MEMORANDUM DECISION

Petitioner Mother N.S.[1] appeals the Circuit Court of Kanawha County's June 8, 2022, order terminating her parental rights to M.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May of 2021, the DHHR filed a petition alleging that petitioner's mental health and substance abuse issues impaired her parenting ability, that she neglected her child's hygiene, and that she failed to provide appropriate supervision. According to the petition, the DHHR received a series of referrals dating back to November of 2020 concerning these issues. Moreover, the petition recounted an incident in which law enforcement responded to the home to perform a welfare check on petitioner after she failed to pick M.S. up from daycare. Upon arrival, officers found petitioner passed out and noted an overwhelming odor of marijuana emanating from the home. Finally, the petition stated that an in-home safety plan failed due to substance abuse and mental health issues, which created an unsafe environment for the child.

At the outset, the court granted petitioner's request for services, including parenting and adult life skills classes, random drug screens, supervised visitation, and a psychological evaluation. Petitioner submitted to the psychological evaluation in August of 2021. Importantly, the evaluator rated petitioner's prognosis for improved parenting as poor, noting, among other things, that petitioner minimized referral concerns, denied abusing substances, failed to consistently care for M.S., exposed the child to harmful situations, and had a history of interpersonal dysfunction.

In September of 2021, petitioner admitted to the allegations in the petition. Accordingly, the court adjudicated petitioner as an abusing and neglecting parent. The court further granted

---

[1]Petitioner appears by counsel Jason S. Lord. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James "Jake" Wegman. Elizabeth Davis appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, we note that the proceedings in circuit court concerned an additional child, I.W. However, on appeal to this Court, petitioner does not challenge the circuit court's disposition in regard to that child. Accordingly, I.W. is not at issue in this appeal.

petitioner a post-adjudicatory improvement period and ordered that "the services currently being offered be considered the terms and conditions of her improvement period." In December of 2021, the court extended petitioner's improvement period, but by February of 2022, the DHHR moved to set the matter for disposition, stating that, while petitioner was complying with services, she failed to implement lessons learned from those services. The court set the matter for disposition and ordered petitioner to continue services and obtain independent housing. The court further ordered the DHHR to implement additional services, including outpatient substance abuse treatment and weekly psychotherapy.

At the dispositional hearing in June of 2022, the DHHR moved for the court to consider all evidence previously adduced in the proceedings. Additionally, Michelle Jones, a parenting provider, testified that petitioner failed her two most recent drug screens—testing positive for cocaine, methamphetamine, and amphetamine; she further asserted that petitioner struggled to bond with M.S. during supervised visitations, did not obtain appropriate housing, and failed to make substantial progress in the twelve months since services began. Petitioner testified regarding her participation in services but, again, minimized her drug and alcohol abuse issues, stating that such issues were behind her.[3] Petitioner moved for an additional improvement period, but the court denied her motion, noting her "inability to substantially progress and implement the lessons from a year's worth of . . . necessary services" as well as her failure to acknowledge her substance abuse problem. Thereafter, the court concluded there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected within statutory timeframes, that there was not a less restrictive alternative than the termination of petitioner's parental rights, and that termination was in the child's best interest. Accordingly, the circuit court terminated petitioner's parental rights to M.S.[4] Petitioner appeals from the court's dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in denying her an additional improvement period, stressing that, given additional time and services, she could have rectified her parenting deficiencies. In support, petitioner notes that she participated in services throughout the case. We find no error. As we have previously explained, "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (citation omitted); *see also* Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014) ("In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered."). While it may be true that petitioner complied with certain aspects of her case plan, the circuit court specifically found that petitioner failed to substantially progress or learn from the extensive services she received. This finding is supported

---

[3]Confusingly, although petitioner denied having a substance problem and testified that such issues were well behind her, she applied to an inpatient substance abuse treatment program. Petitioner had yet to be admitted.

[4]All parents' parental rights have been terminated. The permanency plan for the child is adoption in the current placement.

by the fact that petitioner continues to use cocaine, methamphetamine, and amphetamine, yet denied having a substance abuse problem. Moreover, we have clarified,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Even before this Court, petitioner attempts to minimize her recent drug usage, characterizing it as a minor setback and blaming her conduct on depression caused by these proceedings. Consequently, the circuit court did not err in finding that her lack of acknowledgement would have rendered any improvement period ineffectual as petitioner was not in a position to identify the issue and correct it. Further, in order to obtain a second improvement period, petitioner was required to establish that she "experienced a substantial change in circumstances" such that she was "likely to fully participate in a further improvement period." W. Va. Code § 49-4-610(3)(D). The record does not support such a finding. Accordingly, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (confirming that the circuit court has discretion to deny an improvement period when no improvement is likely).

For the same reasons noted above, petitioner argues that the circuit court erred in terminating her parental rights. Again, petitioner stresses that she should have been granted an opportunity to improve and offered additional services. However, petitioner ignores the fact that her refusal to acknowledge the circumstances of abuse and neglect is strong evidence of her inability to correct those conditions in the near future. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 8, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn